IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BINYAM MEBRAHTU DANIEL, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| Warden, IAH Polk Adult Detention Center; | § | |
| GABRIEL MARTINEZ, Field Office | § | |
| Director of Enforcement and Removal | § | |
| Operations, Dallas Office, Immigration and | § | CIVIL ACTION NO. 9:26-CV-00287 |
| Customs Enforcement; TODD M. LYONS, | § | JUDGE MICHAEL J. TRUNCALE |
| Acting Director of Immigration and Customs | § | |
| Enforcement; MARKWAYNE MULLIN, | § | |
| Secretary, U.S. Department of Homeland | § | |
| Security; UNITED STATES DEPARTMENT | § | |
| OF HOMELAND SECURITY; TODD | § | |
| BLANCHE, Acting U.S. Attorney General; | § | |
| EXECUTIVE OFFICE FOR | § | |
| IMMIGRATION REVIEW, in their official | § | |
| capacities, | § | |
| | | |
| *Respondents*. | | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Binyam Mebrahtu Daniel's Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Binyam Mebrahtu Daniel ("Mebrahtu Daniel") is an Eritrean national. [Dkt. 1 at ¶ 1]. Sometime in December 2024, United States Immigration and Customs Enforcement ("ICE") detained Mebrahtu Daniel. *Id.* at ¶ 22.

On April 21, 2026, Mebrahtu Daniel brought a habeas corpus petition, claiming (1) a violation of the Fifth Amendment's Due Process Clause because of his prolonged detention, and (2) a violation of the Immigration and Nationality Act because his removal is not reasonably

1

foreseeable. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Mebrahtu Daniel filed two claims with his petition: (1) a violation of the Fifth Amendment's due process clause because of his prolonged detention, and (2) a violation of the Immigration and Nationality Act because his removal is not reasonably foreseeable. [Dkt. 1].

*Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700.

As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the

2

reasonably near future." *Id.* at 701. To carry that burden, Mebrahtu Daniel relies on the past to show the future. In the nine months since he was ordered removed, "ICE officials have worked . . . to effectuate his removal, yet they have been unable to do so." [Dkt. 1 at ¶ 37]. This presents two issues: timing and lack of proceedings.

On the first issue, other courts have recognized "the lack of prior third-country removal might be salient where 'there is presently no country in the world willing to accept the petitioner.'" *Surovtsev*, 2025 WL 3264479 at *8 (quoting *Munoz-Saucedo v. Pittman*, 789 F.Supp.3d 387, 399 (D.N.J. 2025)). Mebrahtu Daniel does not make such an assertion. Moreover, he fails to consider how foreign policy—which is firmly within the domain of the Executive—has changed: "the new administration [has effected] a well-known sea change in the area of third-country removals." *Id.* "In essence, turning back the clock to what could have been done before January 20, 2025 would forever bind the administration to the conduct of past administrations." *Id.*

Now for the second point: that ICE has not made progress. Mebrahtu Daniel acknowledged in his petition that ICE is working to remove him, and implies they have contacted the Eritrean embassy but have not yet heard back. [Dkt. 1 at ¶ 22]. If this is the case, *at this time* there is no "good reason to believe that there is no significant likelihood of removal in the reasonably near future," even if Mebrahtu Daniel is not removed to Eritrea but is instead sent to a third country. *Zadvydas*, 533 U.S. at 701.

## IV. CONCLUSION

It is therefore **ORDERED** that Mebrahtu Daniel's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT** and any future hearings are **CANCELLED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 7th day of May, 2026.**

Michael J. Truncale
United States District Judge

4